IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY RODRIGUEZ-ORTIZ, JESUS GARCIA-ACOSTA, and FREDY ALCANTAR-DOMINGUEZ,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:21-cr-105-TC-DAO |

Defendant Jesus Garcia-Acosta has filed a Motion to Sever Defendants (ECF No. 44), a Motion to Sever Counts (ECF No. 45), and a Motion to Reveal Identity of Government Informant and to Compel Disclosure of *Brady* and *Giglio* Evidence (ECF No. 57). The court held a hearing on the motions on March 21, 2022.

Motion to Sever Defendants

Mr. Garcia-Acosta moved to sever his co-defendant Fredy Alcantar-Dominguez from the case. Mr. Alcantar-Dominguez has since pleaded guilty, so the court denies the motion as moot.

Motion to Reveal Identity of Government Informant and Compel Disclosure

Mr. Garcia-Acosta requests an order requiring the Government to disclose the name of its confidential informant and to provide information about the C.I., including the C.I.'s phone records, the amount of compensation (if any) he received, his criminal history (if any), and his statements to law enforcement.

During the hearing, the Government agreed for the most part to Mr. Garcia-Acosta's

1

request.  But it also offered the caveat that it would withdraw its plea offer to Mr. Garcia-Acosta and stated that some of the information Mr. Garcia-Acosta seeks may not be available.

Given the parties' discussions during the hearing, including Mr. Garcia-Acosta's agreement to accept the Government's conditions, the court grants the motion.

Motion to Sever Counts

Mr. Garcia-Acosta asks the court to sever Count 2 from Count 1 under Federal Rules of Criminal Procedure 8 and 14.

In Count 1 of the Indictment, the United States alleges that on November 2, 2021, all three of the Defendants knowingly possessed methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Count 2 focuses solely on Mr. Rodriguez-Ortiz, who the Government contends unlawfully entered the United States after being removed from the country in July 2020, in violation of 8 U.S.C. § 1326(a), and who "was found in the United States in the District of Utah" on the same day the drug transaction (Count 1) took place.

Rule 8 addresses joinder of offenses and defendants in one indictment.  Under Rule 8(a) ("Joinder of Offenses"), an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." On the other hand, Rule 8(b) addresses "Joinder of Defendants" and says that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) also says that the defendants "may be charged in one or more counts together or separately" and that "[a]ll defendants need not be charged in each count."

In a similar vein, Rule 14 provides relief to a defendant from "prejudicial joinder" of counts or defendants in an indictment.  If it appears that joinder (even if proper under Rule 8) will prejudice one of the parties, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  In Mr. Garcia-Acosta's Rule 14 argument, he contends that a trial focusing not only on the drug charge but also on the illegal re-entry count against Mr. Rodriguez-Ortiz will prejudice him: "The danger of the jury holding [Co-Defendant Rodriguez-Ortiz's] status against Mr. Garcia-Acosta and making assumptions about his status as well is very real, particularly in light of the fact that Mr. Garcia-Acosta speaks Spanish.  It may also inflame biases of jurors in light of the constant coverage of these issues in the daily news." (Mot. to Sever Counts at 3.)  He then asserts that such prejudice "significantly outweighs the inconvenience of separate trials, as a trial on Count Two … is likely to only last one to two days." (Id.)

Mr. Garcia-Acosta does not dispute that he and Mr. Rodriguez-Ortiz are properly joined as defendants for the offense alleged in Count 1, because they are accused of participating in that crime.  But he does argue that trial on Count 2 should be severed under Rule 8(a).[1]

Under Rule 8(a), "the question whether to sever or join criminal counts turns on the purely legal question whether the charged offenses are of the 'same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" United States v. Hutchinson, 573 F.3d 1011, 1026 (10th Cir. 2009) (analyzing defendant's argument for severance of offenses in multiple-defendant indictment under the Rule

---

[1] If the court severs the counts, Mr. Rodriguez-Ortiz will be tried in two proceedings.  Mr. Rodriguez-Ortiz did not respond, much less object, to his co-defendant's request to split up the two charges against him.

8(a) standard). The question of prejudice, which is relevant under Rule 14, does not apply to a Rule 8 analysis. Id.

The only connection between Count 1 and Count 2 is the allegation that government agents found Mr. Rodriguez-Ortiz at the same time the alleged drug transaction occurred. Nothing in the Indictment links the events of re-entry with the defendants' alleged possession with intent to distribute methamphetamine. As such, Count 1 and Count 2 are not of the same or similar character, based on the same act or transaction, or connected with a common scheme or plan. See United States v. Valdez, 149 F.R.D. 220, 222–23 (D. Utah 1993) (applying Rule 8(a) and severing illegal reentry charge from drug charges because nothing in multiple-defendant indictment showed a "common scheme or plan or that [the illegal reentry was] part of the same act or transaction"). Because the Indictment does not satisfy the requirements of Rule 8, it improperly joined Count 2 with Count 1[2] and severance of the counts is appropriate.

## ORDER

For the foregoing reasons, the Motion to Sever Defendants (ECF No. 44) is denied as moot, the Motion to Sever Counts (ECF No. 45) is granted, and the Motion to Reveal Identity of Government Informant and to Compel Disclosure of *Brady* and *Giglio* Evidence (ECF No. 57) is granted (subject to the caveat explained above).

DATED this 23rd day of March, 2022.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge

---

[2] Because the court finds under Rule 8 that the Indictment improperly joined Count 2, the court need not address Mr. Garcia-Acosta's Rule 14 argument.